UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Ramonita Arroyo; Ariana Arroyo Johnson; Julio M. Arroyo; Chili Iris Rivas; Chiki Juanita Ramos; Sasha Calixto; Jaen Perez; Jivanlee Perez; Jensen Davila; Johanny Rhobes; Sasha Calixto and Jaen Perez ppa Jewel Perez; Sasha Calixto ppa Trevon Rometo Emery; Juanita Lebron; Ramonita Arroyo and Juanita LeBron ppa Evelyn Maria Bonilla | : | Civil Action No: 3:18-cv-01804(JBA) |
| *Plaintiffs*, | : | Jury Trial Demanded |
| v. | : | |
| Northland Investment Corporation; Lawrence R. Gottesdiener; Church Street New Haven, LLC; Northland Fund II, LP; and Northland Fund II Partners, LLC, | : | |
| *Defendants* | : | March 29, 2019 |

## RULE 26(F) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: 11/01/2018
Date Complaint Served: 1/18/2019
Date of Defendant's Appearance: 2/7/2019

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on March 29, 2019. The participants were:

Ronald S. Johnson, Esq. for plaintiffs.

Brian A. Daley and Henry A. Sullivan for defendants.

## I. Certification

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject Matter Jurisdiction

<u>Plaintiffs</u>: Subject matter jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1) in that the Plaintiffs at all relevant times were citizens of the State of Connecticut and the Defendants Northland Investment Corporation, et. al. are incorporations and entities of the Commonwealth of Massachusetts.

<u>Defendants</u>: There is no complete diversity of citizenship and, therefore, no subject matter jurisdiction in this case. See Rule 12(h)(3) Fed. R. Civ. P.; *Sales v. Certain-Teed Corp.*, No. 3:14-CV-01542 CSH, 2014 WL 6085601, at *2 (D. Conn. Nov. 13, 2014) (Haight, Senior District Judge) ("… if subject matter jurisdiction is lacking, the action must be dismissed"). *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76-77, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996).

As disclosed to plaintiffs on March 18, 2019, Defendant Church Street New Haven LLC's sole member is Northland Fund II, L.P. *See* Exhibit A, p. 1. Northland Fund II, L.P. is a citizen of, *inter alia*, Connecticut, as demonstrated below, rendering Church Street New Haven LLC a citizen of, *inter alia*, Connecticut, defeating diversity.

Northland Fund II, L.P. has three limited partners which are citizens of, *inter alia*, Connecticut as demonstrated below: Northland Fund II Investors LLC, Northland Fund L.P. and

Northland Portfolio L.P. *See* Exhibit A, p. 2. Therefore, Northland Fund II, L.P. is a citizen of, *inter alia*, Connecticut, defeating diversity.

Northland Fund II Investors LLC has an individual member who is a Connecticut citizen, as well as a trust who is a member and has a trustee and/or co-trustee that is a citizen of Connecticut. *See* Exhibit A, p. 3. Specifically, Amy Gottesdiener is a member and the Trustee and/or Co-Trustee of the trust in question. She is domiciled in Waterford, Connecticut and has been domiciled in Connecticut for more than 45 years.

Northland Fund L.P. has a limited partner which is a Connecticut citizen, specifically, Northland Fund I Investors L.P. *See* Exhibit A, p. 5. Northland Fund I Investors L.P. has an individual limited partner who is a Connecticut citizen, as well as a trust which is a limited partner and has a trustee and/or co-trustee who is a citizen of Connecticut. *See* Exhibit A, p. 7. Specifically, Amy Gottesdiener is a limited partner and the trustee and/or co-trustee of the trust in question.

Northland Portfolio L.P. has an individual limited partner who is a Connecticut citizen, as well as three trusts which are limited partners and have a trustee and/or co-trustee who is a citizen of Connecticut. *See* Exhibit A, pp. 9-10. Specifically, Amy Gottesdiener is a limited partner of Northland Portfolio L.P. and the trustee and/or co-trustee of the three trusts which are also limited partners of Northland Portfolio L.P.

In order to comply with Rule 26(f) disclosure obligations, the Northland Defendants are disclosing further information regarding their investors which is derived from their confidential records. Northland Investment Corporation is a real estate private equity firm and its various related fund and other entities include numerous investors. The real estate investment business is highly competitive and Northland's investor lists are compiled through many years of substantial

time, effort and expense and are maintained as confidential business information. Public disclosure of the lists would create a competitive disadvantage and hardship to the Northland Defendants. Accordingly, the Northland Defendants submit the information available to it from their books and records which is responsive to Rule 26(f) as CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER, pursuant to this Court's Standing Protective Order (Doc. 4). *See* Defendants' Exhibit A. To assist the Court regarding the lack of subject matter jurisdiction in this case, the Northland Defendants have highlighted the Connecticut citizens on Defendants' Exhibit A, which demonstrate a lack of complete diversity in this case.

### B. Personal Jurisdiction

The Defendants do not contest personal jurisdiction.

### III. Brief Description of Case

Plaintiffs: This diversity-of-citizenship action is brought to recover damages for injuries caused by the recklessness, negligence, breach of contract, and unfair trade practices of the defendants, Northland Investment Corporation, Church Street New Haven LLC, Lawrence R. Gottesdiener, Northland Fund II LP, and Northland Fund II Partners, LLC in connection with their ownership and management of the Church Street South housing complex in New Haven. All plaintiffs lived at Church Street South from 2001 until 2017, when they were displaced because of the unlivable conditions of their apartments and the defendants' plan to empty and demolish the complex to make way for upscale redevelopment.

Defendants: In July 2008, in response to the City of New Haven's call for private investment and redevelopment in certain areas of the city, Church Street New Haven, LLC ("CSNH"), an affiliate of Northland Investment Corporation (together, "Northland"), acquired for redevelopment the 301-unit housing project built in the late 1960s known as Church Street South ("CSS"). (The Northland-affiliated defendants also include Northland Fund II, L.P.,

Northland Fund II Partners LLC and Lawrence R. Gottesdiener.)  The Great Recession of 2008-09 and a lack of alignment among various redevelopment process stakeholders prevented Northland from proceeding immediately to redevelop CSS. Nevertheless, since the acquisition, Northland and CSNH collaborated with the City of New Haven and the U.S. Department of Housing and Urban Development ("HUD") on the eventual replacement of CSS with a new mixed-use transit-oriented development that would include a substantial affordable housing component.

Until recently, when the last of 22 buildings at CSS was razed, CSS was a HUD-subsidized housing project which was operated in accordance with applicable regulations. CSNH engaged well-qualified, independent, HUD-certified professional managers with on-site administrative and maintenance teams. The needs of CSS were continuously assessed and millions of dollars were spent on repairs, maintenance and capital improvements. In fact, CSNH spent more on CSS operations, including repairs, maintenance and capital improvements, than it received in tenant rents and HUD rent subsidies. Between July 3, 2008 and March 31, 2017, CSNH spent more than $11 million on repairs, maintenance and capital improvements. However, the effects of the horrific winter of 2014-2015 rendered continued operation unsustainable, leaving no viable option other than to decommission CSS and relocate its residents, resulting in this lawsuit.  The Northland Defendants deny all substantive allegations and claims in plaintiffs' complaint.

**A. Claims of Plaintiffs:** The Plaintiffs' claims herein are based upon the actions of the Defendants which as set out in the Complaint amount to  Negligence, Recklessness, Breach of Contract (Constructive Eviction/Warranty of Habitability) CUTPA Violations, which actions allow the Plaintiffs to seek Attorneys' Fees, and Punitive Damages.

### B. Claims/Defenses of Defendants:

The Northland Defendants deny all of plaintiffs' allegations of wrongdoing or unlawful conduct. Most of plaintiffs' allegations in the Complaint mischaracterize, misstate and/or misconstrue the various relationships, facts and conditions at CSS. In addition, the Complaint alleges that the plaintiffs include individuals who resided at Church Street South since 2001 and that their apartments were defective and dangerous from the time they first occupied them. Accordingly, Plaintiffs' claims are barred by the statute of limitations, the doctrine of laches, plaintiffs' own action and inaction and the doctrine of accord and satisfaction.

Plaintiffs are also estopped by their own actions from asserting the claims alleged in the Complaint.

The alleged acts or omissions complained of occurred more than two years before the date this action was commenced. Accordingly, the plaintiffs' purported claims for negligence, recklessness and negligent infliction of emotional distress are barred by operation of Conn. Gen. Stat. § 52-584 (as well as Conn. Gen. Stat. § 52-577).

In addition, the alleged violations of the Connecticut Unfair Trade Practices Act ("CUTPA") occurred more than three years before the date this action was commenced. Accordingly, plaintiffs' purported claims are barred by operation of Conn Gen Stat 42-110g(f).

### IV. Statement of Undisputed Facts

The following material facts are undisputed:

- Defendant Church Street New Haven LLC is the owner of the Church Street South complex.

- Church Street South (or "CSS") was an apartment complex of 301 apartment units on a 13-acre parcel located at the intersection of Church Street, Union Avenue, and South Orange Street in New Haven, across the street from Union Station

- CSS was constructed in or about 1970, providing housing for low-income tenants.

- CSS was decommissioned in 2015. Its tenants have been relocated and all the former residential buildings on the site have now been razed.

## V. Case Management Plan

Defendants:

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

The parties request that all deadlines be stayed until the Court rules on the Subject Matter Jurisdictional issues raised by Defendants, including, if necessary, Defendants' Motion to Dismiss. The parties will complete discovery twenty-four months following the Court's ruling on such a motion, should the case remain pending.

### A. Initial Disclosures

Defendants served their initial disclosures as required by FRCP 26(a)(1) on February 7, 2019.

### B. Scheduling Conference

1. The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2. The parties prefer that a scheduling conference, if held, be conducted by telephone.

### C. Early Settlement Conference

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiff(s) should be allowed until April 15, 2019 to file motions to join additional parties and until April 29, 2019 to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

2. Defendant(s) should be allowed until 30 days from resolution of Subject Matter Jurisdictional issues to file motions to join additional parties and until 30 days from resolution of Subject Matter Jurisdictional issues to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause' for the delay.

### E. Discovery

a.     Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

This case will require extensive discovery. The defendants are alleged to have caused the displacement and relocation of an entire neighborhood community as a result of its plan to redevelop the apartment complex where plaintiffs lived. Discovery will include ESI and emails. Plaintiffs claim injuries and damages which will require extensive discovery into their medical, employment and social histories and lifestyles in the apartments.  Extensive expert discovery is also likely.

b.     The parties anticipate that discovery will be needed on the following subjects:

Plaintiffs:[1]

- Subject matter jurisdiction, i.e., the citizenship of upstream investors in the defendants

    ➢ Defendants' Response:  No discovery is needed on subject matter jurisdiction. See Section IIA and Defendants' Exhibit A.

- Possession and control of the property (if contested)

- Defendants' interactions with HUD, the City of New Haven, and other regulatory agencies

- Conditions at the subject property

---

[1] Defendants do not necessarily agree that these are appropriate subjects of discovery.

- Defendants' notice or knowledge of conditions at the subject property
- Defendants' plan(s) to redevelop the property
- Defendants' maintenance and management records at the property
- Defendants' budgeting process at the property
- Defendants' procurement process at the property
- Defendants' communications with nonparty property management companies

Defendants:

- Whether plaintiffs were authorized CSS tenants at all relevant times.
- When plaintiffs knew or should have known of any purported defective condition of their apartments.
- Third party causes of any purported damages and injuries.
- Plaintiffs' employment histories, social practices, lifestyles and usage which could affect the conditions of their apartments.
- Plaintiffs' detailed medical histories.
- Plaintiffs' alleged injuries and damages.

c. All discovery will commence within 90 days following the resolution of Subject Matter Jurisdictional issues, if the case is still pending and shall be completed twenty-four months following the ruling on Defendants' Motion to Dismiss, if necessary ("Discovery Deadline").

d. The parties anticipate that the plaintiff(s) will require a total of 25 depositions of fact witnesses and that the defendant(s) will require a total of 40 depositions of fact witnesses.

e. The parties will request permission to serve more than 25 interrogatories.

f. The parties intend to call expert witnesses at trial. i. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by five months prior to the Discovery Deadline. Depositions of experts will be completed by two months prior to the Discovery Deadline.

g. A damages analysis will be provided by any party who has a claim or counterclaim for damages by six months prior to the Discovery Deadline.

h. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties will develop an agreement or procedures for the preservation, disclosure and management of electronically stored information upon resolution of the Subject Matter Jurisdictional issues raised by Defendants.

i. Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties will develop an agreement or procedures for the preservation, disclosure and management of information stored in paper or other non-electronic forms upon resolution of the Subject Matter Jurisdictional issues raised by Defendants.

j. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The Court has set forth instructions regarding privilege in its Standing Protective Order. The parties may move for modification of the Standing Protective Order. In the absence of such modification, privilege issues will be controlled by the Standing Protective Order, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence, as appropriate.

### F. Summary Judgment Motions:

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before thirty days following the completion of discovery of fact and experts witnesses.

### G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by thirty days following the filing of any summary judgement or other dispositive motion, and if none are filed, then sixty days following the completion of discovery of fact and expert witnesses.

## VI. TRIAL READINESS

The case will be ready for trial by sixty days following the submission of the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| By /s/ Ronald S. Johnson<br>Ronald S. Johnson, Esq.<br>Juris No.: ct08577<br>Law Office of Ronald S. Johnson & Assoc.<br>100 Wells Street, Suite 2C<br>Hartford, Connecticut 06103<br>Phone: 860-231-9757<br>Facsimile: 860-233-8276<br>Email: janvier7@aol.com<br>*Their Attorneys* | By /s/ Brian A. Daley<br>Brian A. Daley (ct24550)<br>Carmody Torrance Sandak & Hennessey LLP<br>707 Summer Street<br>Stamford, CT 06901<br>(203) 425-4200<br>(203) 325-8608 (fax)<br>bdaley@carmodylaw.com<br><br>and<br><br>Henry A. Sullivan (544371)<br>Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.<br>One Financial Center<br>Boston, MA 02111<br>(617) 542-6000<br>(617) 542-2241 (fax)<br>*Their Attorneys* |